IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

ALLAH BURMAN, #97339-079       :
    Petitioner                           :
                                            :
    v.                                         :    Civil Action No. RWT-07-971
                                            :
JOSEPH SCIBANA, et al.                :
    Respondents                       :

ooOoo

**MEMORANDUM OPINION**

       This is a pro se Petition for Writ of Habeas Corpus filed by Allah Burman, a federal inmate at the Federal Correctional Institution El Reno, Nevada, challenging his confinement. The Court will grant Burman leave to proceed in forma pauperis for the purpose of preliminary review and dismiss the Petition without prejudice.[1]

       The Court is mindful that Burman is a pro se litigant, and has accorded his pleading liberal construction. See Haines v. Kerner 404 U.S. 519, 520 (1972). Liberal construction, however, does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim cognizable in a federal district court. See Weller v. Dep't of Social Services, 901 F.2d 387, 390-91 (4th Cir.1990). As best as the Court can discern, Burman generally contends that he is unlawfully confined and requests transportation to a court to so testify. Burman, however, fails to provide any basis for his conclusory claim of improper imprisonment.

       To the extent Burman is seeking to file a 28 U.S.C. §2255 Motion to Vacate, Set Aside or Correct, Rule 2(a) of the "Rules Governing Section 2255 Proceedings for the United States District Courts" requires, *inter alia*, that the motion: 1) specify all grounds for relief available to the moving

---

[1] Burman has neither filed the civil filing fee nor a motion to proceed in forma pauperis.

party; 2) state the facts supporting each ground; 3) state the relief requested.[2] The instant pleading is devoid of any factual predicate to support Burman's challenge to his confinement.[3]

Similarly, if it is Burman's intent to collaterally attack his incarceration by way of a 28 U.S.C. §2241 motion to challenge the execution of his sentence, his pleading fails to provide any factual basis to substantiate his claim. Further, in a § 2241 action, the petition must be filed in the district court of the district where petitioner is in custody. See 28 U.S.C. §2241(a); Braden v. 30th Judicial Circuit, 410 U.S. 484, 495-500 (1973). Burman is in the custody of the Warden at FCI El Reno and that federal facility is located within the jurisdiction of the United States District Court for the Western District of Oklahoma.

Lastly, to the extent Burman is seeking mandamus relief to transport him to federal court, he may invoke a federal court's extraordinary power to issue a writ of mandamus only by proving: 1) he has shown a clear right to the relief sought ; 2) respondent has a clear duty to do the particular act requested; and 3) no other adequate remedy is available. See Kerr v. United States District Court, 426 U.S. 394, 402 (1976); In re Beard, 811 F. 2d 818, 826 (4th Cir. 1987). Burman fails to demonstrate a clear right to relief, a duty on the part of the United States, or the absence of other remedies. Clearly, this pleading fails to meet the standards for award of mandamus relief.

---

[2] The pleading does not reference any criminal judgment. On June 4, 2003, Burman was sentenced to 360 months incarceration upon conviction by a jury of conspiracy to distribute and possess with intent to distribute narcotics. See United States v. Burman, Criminal Action No. L-01-115 (D. Md.). On October 17, 2005, the Fourth Circuit affirmed Burman's convictions, but vacated and remanded the case for resentencing in accordance with United States v. Booker, 543 U.S. 220 (2005). See United States v. Burman, 151 Fed Appx. 260 (4th Cir. 2005), cert. denied 125 S.Ct. 1412 (U.S. February 21, 2006) (No. 05-8726). On May 17, 2006, this Court conducted a resentencing hearing. The amended judgment issued on May 18, 2006. Burman appealed the amended judgment, and the matter is before the Fourth Circuit. See No.06-4596 (4th Cir.)

[3] The Court will direct the Clerk to mail a 28 U.S.C. forms and information packet to Petitioner in the event he intends to refile his claim.

For these reasons the Court will dismiss the petition without prejudice. A separate Order consistent with this Memorandum Opinion follows.

Date: 4/23/07

/s/
ROGER W. TITUS
UNITED STATES DISTRICT JUDGE